IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DRIVER OPPORTUNITY PARTNERS I, LP, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 3:22-cv-00237-SLH ) Judge Stephanie L. Haines |
| AMERISERV FINANCIAL, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, and in diversity jurisdiction cases, Fed. R. Civ. P. 7.1 requires a party or intervenor to file a disclosure statement naming and identifying the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor, unless the court orders otherwise. Fed. R. Civ. P. 7.1(a)(2). Currently pending before the Court is a Motion to Compel Disclosure Statement in Compliance with Federal Rules of Civil Procedure 7.1 (ECF No. 14) filed by Defendant Ameriserv Financial, Inc. ("Ameriserv"). In its Motion (ECF No. 14), Ameriserv contends that Plaintiff Driver Opportunity Partners I, LP ("Driver") failed to meet the requirements of Rule 7.1 because its Corporate Disclosure Statement (ECF No. 9) ("disclosure statement") omits the names of its limited partners, and Driver failed to proffer a substantial privacy interest for omitting the names of these entities. For the reasons set forth below, the Court agrees with Ameriserv, and the Court will GRANT Ameriserv's Motion to Compel (ECF No. 14) and order Driver to file a disclosure statement in compliance with Rule 7.1 on or before **August 7, 2023**.

1

I.      **Facts and Procedural Background**

By way of background, Driver's claims in this action are based on Ameriserv's refusal to allow Driver to inspect Ameriserv's corporate records. Specifically, Driver alleges it demanded three times to inspect Ameriserv's corporate records, and Ameriserv refused these requests. Driver thus seeks declaratory and injunctive relief regarding its right as a shareholder of Ameriserv to inspect the books and records of Ameriserv pursuant to the Pennsylvania Business Corporation Law, 15 Pa. C.S. §1508.

Of relevance to the pending motion, Driver commenced this action on December 9, 2022 by filing a Complaint (ECF No. 1).[1] As previously stated, in a diversity jurisdiction action under 28 U.S.C. § 1332, a party must file a disclosure statement naming and identifying the citizenship of every individual or entity whose citizenship is attributed to that party, unless the court orders otherwise. Fed. R. Civ. P. 7.1(a)(2). Section 7.1(a)(2)(A) requires a party to file the disclosure statement when the action is filed in or removed to federal court. Driver did not file a disclosure statement when it filed its Complaint. Because of this failure, the Clerk's Office issued a Quality Control Message on December 12, 2022 which stated that Driver had failed to file a disclosure statement identifying citizenship pursuant to Fed. R. Civ. P 7.1(a)(2).

Driver then filed its disclosure statement (ECF No. 9) on December 21, 2022. The disclosure statement reads, in pertinent part, that:

> Driver is limited partnership. Driver's general partner is Driver Management Co., LLC, whose sole member is J. Abbott Cooper, an individual citizen of Connecticut. Driver's limited partners are individuals whose identities are non-public and who are citizens of the States of California, Florida, New York, Ohio, Tennessee, and Texas, and the Republic of Singapore.

---

[1] Driver later filed an Amended Complaint on February 13, 2023 (ECF No. 11), which is the operative complaint in this matter.

2

After exchanging email correspondence with Driver's counsel regarding the deficiencies in the disclosure statement (ECF No. 19-1), Ameriserv filed the instant Motion to Compel Disclosure Statement in Compliance with Federal Rule of Civil Procedure 7.1 (ECF No. 14) and Brief in Support (ECF No. 15) on February 27, 2023. In these filings, Ameriserv argues that the disclosure statement failed to comply with the requirements of Rule 7.1 because Driver is a limited partnership but it failed to disclose each of its limited partner's identities, instead listing only the citizenship of each limited partner.

On March 14, 2023, Driver filed its Opposition to Ameriserv Financial, Inc.'s Motion to Compel Disclosure Statement in Compliance with Federal Rule of Civil procedure 7.1 (ECF No. 19). Driver contends that Rule 7.1 requires only the disclosure of information necessary to evaluate judicial disqualification and diversity citizenship, and therefore, Driver's disclosure of its limited partner's citizenship only complied with Rule 7.1, despite its omission of the partner's names (ECF No. 19 at p. 4-6). Driver argues that because its limited partners' identities are "non-public" and "they invested in Driver with a commitment from Driver to maintain the privacy of their personal information[,]" a substantial privacy interest exists which should protect the partner's names from disclosure (ECF No. 19, at p. 7). To this end, Driver also expressed a willingness "to disclose the identities of the limited partners to the Court *in camera*" should the "Court have threshold concerns" (ECF No. 19, at p. 7). In its Reply Brief in Further Support of Its Motion to Compel Disclosure Statement in Compliance with Federal Rule of Civil Procedure 7.1 (ECF No. 20), Ameriserv disputed that such a substantial privacy interest existed as to the identities of the limited partners. This matter is ripe for disposition.

## II.  Analysis

Federal Rule of Civil Procedure 7.1(a)(2), which was recently amended in 2022, provides, in pertinent part, that:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor.

Fed. R. Civ. P. 7.1(a)(2). This recent emendation was "designed to facilitate an early and accurate determination of jurisdiction." Advisory Committee's Notes to 2022 Amendment to Fed. R. Civ. P. 7.1. Specifically, the Advisory Committee's Notes reference the necessity of disclosure to ensure that diversity jurisdiction exists where attributed citizenship arises, particularly when noncorporate entities such as limited liability companies, partnerships, and limited partnerships are parties to a suit. *Id.* This is because, for diversity purposes, the citizenship of a limited partnership is the same as the citizenship(s) of all of its partners, including its limited partners. *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022) (citing *Carden v. Arkona Associates*, 494 U.S. 185, 195 (1990)); *see also Weins Capital Management, LLC v. Advocate Consulting Legal Group*, No. 2:23-cv-81-SPC-KCD, 2023 WL 2435806, at *2 (M.D. Fla. Feb. 16, 2023) ("plaintiffs, who ch[o]ose to initiate suit in federal court in reliance on diversity jurisdiction ... kn[ow] that they w[ill] need to show diversity by alleging the identity and citizenship of its members and the members of the derivative entities under Rule 7.1.").

Driver maintains that its disclosure statement satisfies Rule 7.1 because Driver provides sufficient information to evaluate diversity jurisdiction as it provided the citizenship of its limited partners (ECF No. 19, at pp. 5-6). However, the text of Rule 7.1(a)(2) unambiguously requires the disclosure of **both** the name and the citizenship of each individual or entity whose citizenship is

4

attributable to that party. "[A]bsent strong countervailing reasons for protecting the names of such entities and individuals," the name and citizenship of each member of an unincorporated association must be disclosed. *Empirian Health, LLC v. Specialty RX, Inc.*, No. 2:22cv639-MHT, 2022 WL 17419342, at *2 (M.D. Ala. Dec. 5, 2022) (citing Fed. R. Civ. P. 7.1(a)(2)).

A narrow exception may exist when two specific requirements are met: 1) there are substantial interests in privacy, and 2) there is no apparent need to support discovery by other parties to go behind the disclosure. Advisory Committee's Notes to 2022 Amendment to Fed. R. Civ. P. 7.1; *See also Joseph Manssor v. NRRM, LLC*, No. EP-23-CV-00236-DCG, 2023 WL 4093413, at *2 (W.D. Tex. June 20, 2023). If there is no substantial interest in privacy, it is inappropriate to depart from Rule 7.1 and permit a party to omit the names of partners whose citizenship is attributed to that party or conduct *in camera* disclosure of the names. *Id.* at *3; *Weins Capital Management, LLC*, 2023 WL 2435806, at *1-2. This is because "the district court must strive to make the public record as complete as possible," and, therefore, only when a substantial privacy interest has been set forth, in as detailed terms as possible, is such an omission or an *in camera* submission appropriate. *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 599 (3d Cir. 1990); *see Weins Capital Management, LLC*, 2023 WL 2435806, at *1-2. Driver contends that a substantial privacy interest exists in this action because the identities of its limited partners "are non-public, and ... [the limited partners] invested in Driver with a commitment from Driver to maintain the privacy of their personal information" (ECF No. 19, at p. 7).

While the disclosure of names may be protected when a substantial interest in privacy exists, merely asserting a privacy interest without further explanation is hardly the equivalent of articulating a substantial privacy interest in the members' identities. *Joseph Manssor*, 2023 WL 4093413, at *2-3 (establishing that a party must disclose the full names of its members rather than

5

simply their initials as merely citing the members' preference to avoid having their personal investments publicly disclosed "is not a substantial interest in privacy that justifies relieving [d]efendant of its obligations under Rule 7.1(a)(2)- especially given that [d]efendant purposefully placed its members' identities at issue by invoking ... diversity jurisdiction"); *Weins Capital Management, LLC*, 2023 WL 2435806, at *1-2 (holding that the party's mere assertion that disclosure of the members' identities would harm their "legitimate and reasonable privacy interests" was not an articulation of a legitimate privacy interest and the mere "preference that the information remain private [wa]s not a valid reason to overcome the presumption of public access"). Here, Driver's limited partner's preference to avoid disclosure is not a specific, substantial privacy interest. Moreover, Driver purposefully commenced this action under this Court's diversity jurisdiction and thus purposefully placed its limited partners' identities at issue.

Because Driver has not proffered a substantial privacy interest, the first of the two-part requirement stated in the Advisory Committee's Notes is not met. While this alone precludes the protection of its limited partners' names from disclosure, Driver has also failed to explain how there is no apparent need to support discovery by Ameriserv to go behind the disclosure." *See Joseph Manssor*, 2023 WL 4093413, at *3 (W.D. Tex. June 20, 2023) ("without knowing the [partners]' names, [defendant] may have no way to probe whether [plaintiff]'s representations regarding the [partners]' states of citizenship are accurate and thereby evaluate whether the parties are truly diverse"). Therefore, the second of the two-part requirement is likewise not met. Driver has failed to show it meets the exception to Rule 7.1's disclosure requirements, and the Court will not deviate from the disclosure required under Fed. R. Civ. P. 7.1.

### III. Conclusion

Rule 7.1 expressly requires Driver to disclose both the name and citizenship of all its partners, and the circumstances of this action do not warrant any deviation from that rule, which would include Driver's request for *in camera* disclosure. *See Joseph Manssor*, 2023 WL 4093413, at *2-3; *Weins Capital Management, LLC*, 2023 WL 2435806, at *1-2; *Empirian Health, LLC*, 2022 WL 17419342, at *2. As such, the Court will GRANT Defendant's Motion to Compel Disclosure Statement in Compliance with Federal Rules of Civil Procedure 7.1 (ECF No. 14) and order Driver to file a disclosure statement in compliance with Rule 7.1 on or before **August 7, 2023**. Accordingly, the following Order is entered:

### ORDER

AND NOW, this 24th day of July 2023, IT IS HEREBY ORDERED that Defendant's Motion to Compel Disclosure Statement in Compliance with Federal Rules of Civil Procedure 7.1 (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Driver Opportunity Partners I, LLP, SHALL FILE an amended disclosure statement by on or before **August 7, 2023** that complies with Federal Rules of Civil Procedure 7.1.

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge